UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUSTY GENE LOVEJOY** | : | **CIVIL ACTION NO. 2:12-cv-1987** |
| **VS.** | : | **JUDGE MINALDI** |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Petitioner Rusty Lovejoy filed the instant petition for writ of habeas corpus on July 23, 2012. He is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner seeks relief from his 2004 conviction and sentence imposed by Thirty-third Judicial District Court in and for Allen Parish, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons discussed herein, IT IS RECOMMENDED that the petition be DISMISSED WITH PREJUDICE.

### Background

Petitioner was convicted of aggravated rape, sexual battery, and aggravated burglary on June 26, 2003, in the Thirty-third Judicial District Court of Louisiana following a trial by jury. He was sentenced to life imprisonment on the rape conviction and hard labor sentences of ten and thirty years on the sexual battery and aggravated burglary convictions.

On December 15, 2003, petitioner appealed his convictions to the Third Circuit Court of Appeals and raised a single assignment of error—the evidence was insufficient to support the verdict of guilt.  On May 12, 2004, the court affirmed petitioner's conviction but remanded to the trial court for correction of the record to reflect the proper sentences imposed.  *State v. Rusty Lovejoy*, 2003-1592 (La. App. 3d Cir. 5/12/2004), 874 So.2d 437; Doc. 1, att. 3, p. 26.  On May 18, 2004, the trial court made the correction as ordered by the Third Circuit.

Petitioner did not seek further direct review of his conviction in the Louisiana Supreme Court.  He claims he was under the impression that retained counsel was filing for a writ of certiorari with the Louisiana Supreme Court (Doc. 1, att. 2, p. 6);  however, no such application was filed.

On May 11, 2005, petitioner filed an application for writ of habeas corpus in this court raising the following claims for relief: (1) ineffective assistance of counsel, (2) the trial court failed to conduct a hearing on his motion to suppress or conduct a preliminary hearing, and (3) the State failed to disclose exculpatory evidence.  *Lovejoy v. Cain*, 2:05-cv-808 (W.D. La.), ECF Doc. 1, ¶ 5.  That application was dismissed on December 2, 2005, because the claims for relief were not exhausted in state court.

Petitioner filed an application for post-conviction relief in the Thirty-third Judicial District Court on April 10, 2006.  Doc. 1, att. 3, p. 32.  On February 10, 2009, the court held a hearing on the application and granted petitioner the opportunity to file an out of time appeal to the Louisiana Supreme Court.  Doc. 1, att. 3, p. 90.

On March 6, 2009, petitioner filed an application for writ of certiorari and review with the Louisiana Supreme Court.  Doc. 1, att. 3, p. 95.  The Court denied petitioner's application on December 18, 2009.  Doc. 1, att. 4, p. 1.

Petitioner filed a second application for post-conviction relief on March 3, 2010, in the Thirty-third Judicial District Court. He raised two claims for relief—(1) insufficiency of the evidence and (2) ineffective assistance of counsel. Doc. 1, att. 4, p. 2. The court held a hearing on June 15, 2010, and dismissed the application. Doc. 1, att. 4, p. 48.

Petitioner filed an application on August 19, 2012, requesting a writ of review with the Third Circuit Court of Appeal. Doc. 1, att. 5, p. 1. The court denied petitioner's application on August 29, 2011. Doc. 1, att. 5, p. 46.

On September 20, 2011, petitioner filed an application for writ of certiorari and review with the Louisiana Supreme Court. Doc. 1, att. 5, p. 47. The Court denied petitioner's writ application on May 25, 2012. Doc. 1, att. 5, p. 81.

Petitioner filed the instant habeas petition on July 23, 2012, and claims relief based on the insufficiency of the evidence and various acts of ineffective assistance of counsel. He also claims that his right to due process was violated by the trial court when it permitted evidence in the jury room.

## Law and Analysis

Section 2244(d)(1)(A) of Title 28 to the United States Code provides a one year limitations period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. This limitation period generally runs from the date that the conviction becomes final.[1] Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[1] Nothing in the record suggests that the limitations period should be longer as provided by 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Petitioner has not alleged the presence of state created impediments to filing. The claim does not arise as a result of a newly recognized constitutional right, nor does it involve the recent discovery of a factual predicate of a claim for relief.

The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

The Third Circuit affirmed petitioner's conviction on May 12, 2004, and the district court resentenced petitioner on May 18, 2004. Petitioner had thirty (30) days from May 18, 2004 to seek review with the Louisiana Supreme Court. *See* La. Sup. Ct. R. X(5)(a). Petitioner did not seek such review and, accordingly, his conviction became final on or about June 18, 2004. He had one year to seek federal habeas relief, and that window expired on or about June 18, 2005. Thus, the current petition is untimely unless the limitations period was sufficiently tolled.

Petitioner's first application for a writ of habeas corpus is the only filing that could have possibly tolled the limitations period as it was filed on May 11, 2005, prior to the June 11, 2005, deadline. However, the Supreme Court has made clear that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

The state district court subsequently afforded petitioner the opportunity to lodge an out-of-time appeal with the Louisiana Supreme Court. That relief, however, did not affect the applicable deadlines because petitioner had already sought federal habeas relief by the time the state district court issued that ruling. *See Jimenez v. Quarterman*, 555 U.S. 113 (2009); *see also O'Neal v. Kenny*, 579 F.3d 915, 918–19 (8th Cir. 2009). Similarly, that decision did not toll the applicable deadline because the deadline had already lapsed before petitioner filed for post-conviction relief. *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001); *see also* Brian R.

-5-

Means, Federal Habeas Manual § 9A:19, p. 588 (West ed. 2012) ("If the federal limitations period has already expired in state court, any subsequent federal action is untimely, even if the state court permits the belated appeal.").

Therefore, IT IS RECOMMENDED that this petition be DENIED AND DISMISSED WITH PREJUDICE.

THUS DONE this 9th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE